ROBERT LONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HAIMON LONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4204, 4205.   Decided November 11, 1926.

Petitioners were partners engaged in business as wholesale and retail dealers in general merchandise. On January 10, 1919, their father, who had no interest in the partnership, transferred, sold, and conveyed to them eleven lots, upon one of which was located a two-story brick building, and upon another a storehouse occupied and used by the partnership in carrying on its business. On the same day that the deed to the lots and buildings was executed, petitioners gave to their father a written agreement to pay to him, as consideration for the property transferred, an amount equal to one-third of the partnership profits for that year, and for each year

thereafter an amount not less than $1,200 during his life. *Held*, that the amount paid to the father in 1920 was not deductible by the partnership as an ordinary and necessary expense as interest paid for the purpose of determining the distributive shares of the petitioners.

*D. J. Gantt, Esq.*, for the petitioners.
*Ward Loveless, Esq.*, for the respondent.

For the calendar year 1920 the Commissioner determined that there was a deficiency of $184.65 in respect of the tax of Robert Long and a deficiency of $191.98 in respect of the tax of Haimon Long. Only so much of the deficiencies as resulted from an increase of petitioners' distributive shares of the profits of the partnership of I. Long & Sons, in the amount of $850 each, is in controversy. Petitioners, each of whom during the year 1920 owned a one-half interest in the partnership of I. Long & Sons, paid to their father $1,700 as part consideration for the transfer to them in 1919 of certain real estate. The partnership in determining petitioners' distributive shares deducted from its gross income this amount as interest paid during the year. The Commissioner denied the deduction.

### FINDINGS OF FACT.

During the year 1920 petitioners were members of the partnership of I. Long & Sons, engaged in business as a wholesale and retail dealer in general merchandise at Evergreen, Ala., in which partnership they each owned a one-half interest. On January 10, 1919, Israel Long, the father of the petitioners, was the owner of certain real estate in Evergreen, Ala. On that date he transferred and conveyed to Robert Long and Haimon Long eleven lots in the Town of Evergreen, upon one of which was located a two-story brick building and upon another a storehouse occupied and used by the partnership of I. Long & Sons. The deed of transfer was as follows:

STATE OF ALABAMA,
CONECUH COUNTY.

KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One Dollar ($1.00) and other valuable considerations to the undersigned grantor, I. Long, a widower, in hand paid by Robert Long and H. Long, the receipt whereof is hereby acknowledged, I do hereby GRANT, BARGAIN, SELL AND CONVEY unto the said Robert Long and H. Long all of my right, title, interest and claim in and to the following described real estate, situated, lying and being in the Town of Evergreen, Conecuh County, Alabama, viz: * * *.

Here follows a description of nine of the lots, after which the deed recites:

Lot Number Three (3) in Block Number Six (6) on East Front Street in the Town of Evergreen, Alabama, being Fifty (50) feet front and 100 feet deep, also the South Half of Lot Number Two (2) in Block Number Six (6), being 25 feet front on East Front Street and running back 100 feet, being intended to cover and describe those particular lots on East Front Street on which is situated the storehouse formerly owned by D. G. Rutland and now occupied by the firm of I. Long & Sons; also Lot Number Eighteen (18) in Block Number Six (6) being 50 feet front by 100 feet deep, fronting on Desplous Street; also Lot Number Seventeen (17) in Block Number Six (6) being 50 feet front by 100 feet deep, and fronting on Desplous Street. All of said lots being according to the survey of the Town of Evergreen as made by C. P. Rodgers, Civil Engineer, and being intended to cover and describe all of the real estate owned by the late D. G. Rutland on East Front Street and Desplous Street in the town of Evergreen, Alabama.

I have now no interest in the mercantile establishment run and conducted in the Town of Evergreen, Alabama, under the firm name and style of I. Long & Sons, said business being owned exclusively by my two sons, Robert Long and H. Long, but in order that there may be no controversy over the matter, and that the same shall be clearly understood, for and in consideration of the sum of One Dollar and other valuable considerations to me in hand paid by Robert Long and H. Long, the receipt whereof is hereby acknowledged, I do hereby GRANT, BARGAIN, SELL AND DELIVER unto the said Robert Long and H. Long all of my right, title, interest and claim in and to the mercantile business operated in the Town of Evergreen, Alabama, under the firm name and style of I. Long & Sons, and for the consideration aforesaid, I do hereby GRANT, BARGAIN, SELL, CONVEY AND DELIVER unto the said Robert Long and H. Long all of my personal property of every kind, nature and description which I now own, wherever situated. And for the consideration aforesaid, I do hereby TRANSFER, SET OVER AND ASSIGN unto the said Robert Long and H. Long any and all accounts, mortgages, notes, choses in action which may stand in the name of or may be due or owing to the said firm of I. Long & Sons.

To HAVE AND TO HOLD unto the said Robert Long and H. Long their heirs and assigns forever.

WITNESS MY HAND AND SEAL, this the 10th day of January, 1919.

[Signed]    I. LONG (SEAL).

The name of Page, McMillan & Brooks, attorneys at law at Evergreen, Ala., appeared upon this deed. The deed was duly acknowledged by Israel Long on January 10, 1919, and was duly recorded on the same day in the office of the Judge of Probate of Conecuh County, Ala.

On the same date, January 10, 1919, Robert Long and Haimon Long jointly executed the following written agreement which they delivered to their father:

In consideration of the execution of the deed dated January 10, 1919, by Israel Long, to the undersigned Robert Long and Haimen Long, wherein for the sum of One ($1.00) Dollar and other valuable considerations, wherein the said Israel Long, has deeded to us all of his right, title and interest in the partnership of I. Long and Sons, we agree that for the year 1919, his draw-

ing account from the partnership shall be as much as either of the partners therein, to-wit: Robert Long and Haimon Long, and that for the succeeding years after 1919, we are to pay him as interest on the actual value of his share of the partnership, not less than Twelve Hundred ($1200.00) Dollars per annum, during the remainder of his natural life.

During 1920 the partnership of I. Long & Sons paid to Israel Long the amount of $1,700, pursuant to the above-mentioned agreement, and deducted the same from the gross income as interest paid in determining the distributive share of each of the petitioners in the partnership profits for the year. The Commissioner disallowed the deduction and increased the distributive share of each of the petitioners in the amount of $850.

#### OPINION.

SMITH: The petitioners claim that the amount of $1,700 paid their father in 1920 was an ordinary and necessary expense of doing business for that year; that the agreement entered into on January 10, 1919, called for the payment of this amount as " interest," and that payment of interest is an allowable deduction from gross income of partnerships or individuals.

The amount paid to Israel Long was stipulated and the deed and the agreement of January 10, 1919, were submitted as the only evidence. Upon the evidence before it, the Board must approve the Commissioner's determination. The $1,700 was not an amount paid for the use of money. On the contrary, the evidence submitted would indicate that the amount represented payments by Robert Long and Haimon Long as a part of the purchase price of the real estate transferred to them and, as such, was a capital expenditure. *Appeal of Steinbach Co.*, 3 B. T. A. 348; *Appeal of John C. Moore Corporation*, 3 B. T. A. 430.

The Commissioner admits that he failed to credit against the deficiency letter of April 16, 1925, $90, representing the sum of three installment payments made by the petitioner, Robert Long, as follows:

| | |
|---|---|
| June 13, 1921 | $30 |
| September 12, 1921 | 30 |
| December 13, 1921 | 30 |
| | 90 |

The deficiency found by the Commissioner against Robert Long should therefore be reduced by the amount of $90.

*Judgment will be entered for the Commissioner redetermining a deficiency of $94.65 due by Robert Long and a deficiency of $191.98 due by Haimon Long for the calendar year 1920.*